CHAUNCEY H. TOWNSEND, Appellant, v. EUGENE LEVY and NETCO THEATRES CORPORATION, Respondents.— Action to recover damages for personal injuries sustained by plaintiff, a patron of the theatre of defendants, allegedly resulting from their negligence. Plaintiff claimed that he fell to an aisle of the theatre from a raised platform on which there was a row of seats, one of which had been occupied by plaintiff. His fall allegedly occurred when, in order to leave the theatre, he stepped from that platform to the aisle. Upon a jury trial of the issues a verdict was rendered in favor of the defendants for no cause of action. Judgment dismissing the complaint was entered thereon. An order was also entered denying plaintiff's motion to set aside the verdict and for a new trial. From that judgment and order plaintiff appeals. Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide the event. In our opinion the learned trial justice erred in receiving in evidence defendants' Exhibit D — being the report of a parole officer in relation to the plaintiff, a paroled convict, and the decision by a member of the Parole Board declaring plaintiff delinquent and directing his return to Sing Sing Prison — even for the limited purpose for which the exhibit was admitted, namely, not as proof of the facts purportly therein stated, but solely for the purpose of establishing the basis for the decision of the Parole Board or the reason for it. The report contained many pages of matter, based on hearsay, reflecting upon the plaintiff, whose credibility on the trial was the subject of attack by the defendants. This matter was destructive of the plaintiff as a witness. The door was not opened to the reception of this document in evidence by the question of plaintiff's counsel relating to the reason for his having been declared delinquent by the Parole Board. Carswell, Johnston and Taylor, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote to affirm the judgment and order, with the following memorandum: On redirect examination plaintiff testified that the breach of his parole consisted of a conviction for driving an automobile without a license. The court ruled that Exhibit D, the parole report of plaintiff, should be admitted solely for the purpose of showing the reason for the ruling of the Parole Board on the question of breach of plaintiff's parole and not as proof of any facts in the report. Further, plaintiff's credibility had been otherwise so shattered that even if Exhibit D had been admitted as proof of its contents it would have been harmless.